PICKETT JONES v. PIEDMONT AND NORTHERN RAILWAY COMPANY.

(Filed 8 May, 1918.)

**Railroads—Negligence—Evidence—Nonsuit—Infants — Minors — Release — Damages—Comparative Negligence—Trials.**

In this action the plaintiff, a section hand of defendant railroad company, sues to recover damages for a personal injury received by jumping off a loaded motor car, to start it by running and pushing it and then jumping thereon, under the order of the superior. There was a finding by the verdict that he signed a release during his minority, and, upon defendant's motion to nonsuit, it is held that the evidence in the case was sufficient for the determination of the jury upon the issue of defendant's actionable negligence, and also to sustain a recovery of damages under the doctrine of comparative negligence allowed by statute.

ACTION, tried before *Webb, J.,* at January Term, 1918, of GASTON, upon these issues:

1. Did the plaintiff, Pickett Jones, sign the release and receipt offered in evidence? Answer: "Yes."

2. Was the plaintiff, Pickett Jones, 21 years old when he signed the said release? Answer: "No."

3. Did the defendant by undue advantage procure the plaintiff to sign the release offered in evidence? Answer: "No."

4. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

5. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: "Yes."

6. What damage, if any, is the plaintiff entitled to recover? Answer: "$166.50."

From the judgment rendered defendant appealed.

*R. C. Patrick and P. W. Garland for plaintiff.*
*Osborne, Cocke & Robinson for defendant.*

PER CURIAM: The plaintiff, a boy under 21 years old, was injured while in employ of defendant as a section hand. In obedience to orders, he jumped off a loaded motor car to start it by running and pushing it and then jumping on again, when he was thrown off and injured.

There is sufficient evidence of negligence to justify the court in submitting the issue to the jury, and, therefore, the motion to nonsuit was properly overruled.

The jury found plaintiff guilty of contributory negligence and evidently considered the same in diminution of damages under the statute.

The four exceptions to the charge relate to the issue of negligence and are without merit. The judge submitted the case to the jury under instructions in line with the settled decisions of this Court.

We find
No error.